UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

LAKEISHA V NIMMONS,

                        Plaintiff,                                      **ORDER**
                                                                             **10 CV 5992 (DRH)(ETB)**

        -against-

HESS CORPORATION and
WONDI DAGNATCHEW,

                              Defendants.
----------------------------------------------------------X

**HURLEY, Senior District Judge:**

By Order dated March 2, 2011, the Court denied defendants' request for a premotion conference, and granted plaintiff until March 9, 2011 to voluntarily discontinue this action, or the Court would dismiss the case *sua sponte* without prejudice for lack of subject matter jurisdiction. (Docket No. 8.) Plaintiff has not withdrawn her complaint.

In order to bring a claim under diversity jurisdiction, there must be "*complete* diversity between all plaintiffs and all defendants." Lincoln Prop. Co. v. Roche, 546 U.S. 81, 89 (2005)(citation omitted); see also 28 U.S.C. § 1332(a). Although plaintiff predicates federal jurisdiction on diversity of citizenship, it is clear from a review of the record that there is not complete diversity in this action. Plaintiff, a resident of Rockville Centre (compl. ¶ 6), and defendant Dagnatchew, a resident of the Bronx, (Affidavit of Service, docket no. 3 at 2), are both citizens of New York. Plaintiff's counsel has acknowledged this fact. (Docket Nos. 5, 6.) Therefore, this Court does not have subject matter jurisdiction under Section 1332, and the complaint does not allege any further basis for federal jurisdiction.

Under Fed. R. Civ. P. 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Id.; see Manway Constr. Co. v. Housing

Authority of Hartford, 711 F.2d 501, 503 (2d Cir. 1983)("[T]he court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction; and if it does not, dismissal is mandatory.")

The Court therefore dismisses this action *sua sponte* without prejudice. The Clerk of Court is directed to close this case.

SO ORDERED.

Dated: Central Islip, New York
April 14, 2011

/s/
Denis R. Hurley
Unites States District Judge